ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JESSE J. ERKINS, | ) CASE NO.  1:05CV2749 |
| Petitioner, | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| UNITED STATES OF AMERICA, | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Respondent. | ) [RESOLVING DOC. 1] |

Petitioner Jesse J. Erkins, a 59-year-old man, has been confined at the Federal Medical Center (FMC) in Lexington, Kentucky since May 26, 2005.  On November 28, 2005, the petitioner, *pro se*, filed a motion styled as a "Request/Motion for Compassionate Release or Modification of Imprisonment and/or Servitude to Home Confinement" under 18 U.S.C. §§ 3582(b)(2) and 3553(a)(2)(D) and U.S.S.G. § 5F1.2 (Doc. 1).   Among other things, Mr. Erkins claims that continued imprisonment will only contribute to a worsening of his debilitating illnesses due to a lack of proper medical care by the Federal Bureau of Prisons.

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian

under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Claims attacking the execution of the sentence are cognizable solely under § 2241. Judicial review of events occurring after sentence is properly had under that statute. *See Cohen*, 593 F.2d at 770. The Court will, therefore, treat the motion filed in the case at bar as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondent Joe W. Booker, Jr., Warden of FMC Lexington located within the territorial jurisdiction of the Eastern District of Kentucky. For the reasons stated herein, the Court will dismiss the petition without reaching the merits of the same.

On December 29, 2004, the United States Attorney for the Northern District of Ohio filed an information charging Mr. Erkins with one count of mail fraud in violation of 18 U.S.C. § 1341. Petitioner subsequently signed a plea agreement under Fed. R. Crim. P. 11. On January 20, 2005, the Court accepted the petitioner's plea of guilty. Mr. Erkins was subsequently sentenced to 87 months in prison by this Court. The Court recommended placement at FMC Lexington due to the petitioner's many medical problems. Mr. Erkins did not file a direct appeal of the judgment of conviction and sentence.

The Northern District of Ohio is not the proper venue to file a § 2241 motion for one incarcerated in Lexington, Kentucky. With respect to Mr. Erkins's challenge to his continuing detention at FMC Lexington, the law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Braden v. 30th Judicial Circuit Cout*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20

(6th Cir. 2003); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.")  Therefore, this district is not the proper venue for the petitioner's challenge to his detention.

In so ruling, however, the Court notes that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons." *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001) (citing 18 U.S.C. § 3582).  Accordingly,

Petitioner's Request/Motion for Compassionate Release or Modification of Imprisonment and/or Servitude to Home Confinement (Doc. 1) is DENIED.  This action will be dismissed without prejudice pursuant to 28 U.S.C. § 2243.  The Court certifies that an appeal from this decision could not be taken in good faith.[1]


IT IS SO ORDERED.


| December 5, 2005 | /s/ John R. Adams |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."